IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMBINED INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>DOROTHY LOUISE MAYBER, DUANE KAY BENNETT FAMILY TRUST, SHERRI L. CALLISTER, as Trustee of the DUANE KAY BENNETT FAMILY TRUST,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCHARGE OF LIABILITY AND DISMISSAL WITH PREJUDICE<br><br><br><br><br><br>Case No. 2:12-CV-315 TS |

This matter is before the Court on Plaintiff Combined Insurance Company of America's Motion for Discharge of Liability and Dismissal with Prejudice. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In 1973, Plaintiff issued a life insurance policy (the "Policy") to Duane Kay Bennett (the "Decedent"). The death benefit of the Policy at the time of the Decedent's death was $9,600.

The Policy allows the owner to change the named beneficiary of the Policy during the insured's lifetime "by filing with the Company at its Home Office a written request for such change in a form satisfactory to the Company, provided that such change by the Owner will not be effective if such written request is received by the Company at its Home Office after the death of the insured."

On or about March 14, 2005, Plaintiff received a completed change of beneficiary form dated March 7, 2005, signed by the Decedent and witnessed by D. Scott Nichole (the "2005 Change Form"). The 2005 Change Form listed Dorothy Louise Mayber as the "1st Named Beneficiary" and noted her relationship to the Decedent as "Ex-wife."

On or about September 19, 2011, the Decedent was killed in an automobile accident in Millard County, Utah.

Thereafter, Sherri L. Callister, as purported trustee of the Duane Kay Bennett Family Trust (the "Trust"), submitted a claim to Plaintiff for life insurance benefits of $9,600 under the Policy. Callister claimed that the Decedent submitted a change of beneficiary form to Plaintiff in 2008 listing the Trust as the 1st Named Beneficiary.

On or about November 21, 2011, Callister sent Plaintiff a change of beneficiary form purportedly completed by the Decedent and submitted to Plaintiff on or about May 13, 2008 (the "2008 Change Form"). Plaintiff thereafter investigated Callister's claim and determined that it had not received the 2008 Change Form prior to November 21, 2011.

On March 30, 2012, Plaintiff brought this interpleader action against Defendants. On April 23, 2012, the Court granted Plaintiff's request to interplead funds. As a result, Plaintiff has

deposited $10,097.10 with the registry of the Court.  Defendants have filed documents asserting an interest in the interplead funds.[1]  Plaintiff now seeks dismissal from this action and a discharge from liability.  Defendants have not opposed this request.

## II.  DISCUSSION

28 U.S.C. § 2361 states, in pertinent part, that in an interpleader action the "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."  "Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss him from the case."[2]

In this case, Plaintiff has met the jurisdictional requirements to bring this action and has deposited the disputed funds with the registry of the court.[3]  Defendants have asserted an interest in those funds, but have asserted no other claims against Plaintiff.  As Plaintiff has met the statutory requirements, it is appropriate that Plaintiff be dismissed from this case and its liability under the policy be discharged.  Therefore, the Court will grant Plaintiff's Motion.

---

[1]*See* Docket Nos. 15, 16, 22.

[2]*Marcus v. Dufour*, 796 F. Supp. 2d 386, 390 (E.D.N.Y. 2011).

[3]*See* Docket No. 18.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Discharge of Liability and Dismissal with Prejudice (Docket No. 23) is GRANTED.  Plaintiff's liability under the policy is discharged and it is dismissed from this action.

DATED   September 20, 2012.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge